UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Travinia Italian Kitchen at Charlottesville, LLC<br><br>DEBTOR(S)<br><br>Address: 1200 Woodruff Rd., C-3<br>Greenville, SC 29607 | CASE NO: 19-01329-hb<br><br>CHAPTER: 7<br><br><br><br>NOTICE OF MOTION/APPLICATION AND<br>OPPORTUNITY FOR HEARING |

NOTICE OF REINHART FOODSERVCE, LLC'S MOTION FOR ALLOWANCE
AND IMMEDIATE PAYMENT OF 503(B)(9) CLAIM

Reinhart Foodservice, LLC ("Reinhart") has filed papers with the court for and Order allowing its 503(b)(9) Claim in full and for Trustee to make full payment of the 503(b)(9) Claim no later than the closing of the sale of Debtor's assets.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant Reinhart's Motion, as described therein, or you want the court to consider your views on the motion, then within (21) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

1100 Laurel Street
Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

| | | |
|---|---|---|
| Donna Faye Shetley, Esq.<br>Johnson, Smith, Hibbard & Wildman<br>Law Firm, L.L.P.<br>PO Drawer 5587<br>Spartanburg, SC 29304 | and | Samuel C. Wisotzkey, Esq.<br>Kohner, Mann & Kailas, S.C.<br>Washington Building<br>4650 N. Port Washington Rd.<br>Milwaukee, WI  53212-1059 |

Attend the hearing scheduled to be heard on Tuesday, May 7, 2019, at 9:30 a.m. at the United States Bankruptcy Court, Donald Stuart Russell Federal Courthouse, 201 Magnolia Street, Spartanburg, SC 29306-2355.

If no response, return, and/or objection is timely filed and served, no hearing will be held on this motion, except at the direction of the judge.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

April 5, 2019					By:	 /s/ Donna Faye Shetley
							Donna Faye Shetley, #3823
							Johnson, Smith, Hibbard & Wildman Law Firm, LLP
							Post Office Drawer 5587
							Spartanburg, South Carolina 29304-5587
							Telephone: (864) 582-8121
							Facsimile: (864) 585-5328
							Email: dshetley@jshwlaw.com

							Samuel C. Wisotzkey, Esq.
							Wisconsin Bar No. 1029537
							KOHNER, MANN & KAILAS, S.C.
							Washington Building
							4650 N. Port Washington Rd.
							Milwaukee, WI 53212-1059
							Telephone (414) 962-5110
							Facsimile (414) 962-8725
							swisotzkey@kmksc.com
							Attorneys for Creditor
							Reinhart Foodservice, L.L.C.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

TRAVINIA ITALIAN KITCHEN AT
CHARLOTTESVILLE, LLC

Debtor

Case No. 19-01329

Chapter 7

## REINHART FOODSERVICE, LLC'S MOTION FOR ALLOWANCE AND IMMEDIATE PAYMENT OF 503(b)(9) CLAIM

Reinhart Foodservice, LLC ("Reinhart"), by its undersigned attorneys and for its Motion for Allowance and Immediate Payment of 503(b)(9) Claim (the "Motion"), states as follows:

## BACKGROUND

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is appropriate in this court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. On March 6, 2019 (the "Petition Date"), Travinia Italian Kitchen at Charlottesville, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code").

3. John Fort (the "Trustee") is the duly appointed Chapter 7 trustee for the Debtor. The Trustee sought and received permission to continue to operate the business of the debtor for a period of 90 days. See Order to Operate Business dated March 26, 2019 (Docket no. 21).

4. Prior to the Petition Date, Reinhart supplied the Debtor with certain goods, in the form of food and food products. Reinhart continues to supply goods to the manager that continues to operate the Debtor's restaurant on a cash-in-advance basis.

5.   According to Reinhart's records, the Debtor owes Reinhart approximately $93,139.57 for goods provided prior to the Petition Date. Several shipments of goods from Reinhart were received by the Debtor within 20 days of the Petition Date. A summary and copies of the applicable invoices, which reflect the value of the goods shipped to and received by the Debtor, are attached hereto as group **Exhibit A**. Reinhart's invoices are issued the same day as the goods are delivered, so the indicated invoice dates are also the delivery dates. As shown in Exhibit A, Reinhart is owed $41,757.83 (the "503(b)(9) Claim") for the value of goods received by the Debtor in the ordinary course of business within 20 days prior to the Petition Date. Due to the volume of documents comprising the invoices, proofs of delivery, and other documents supporting the 503(b)(9) Claim, only copies of invoices are provided with this motion. Reinhart can provide copies of such additional required documents on request made to the undersigned. Reinhart has not received payment for any of the invoices set forth in Exhibit A.

## ARGUMENT

6.   Pursuant to Section 503(b)(9) of the Bankruptcy Code, "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including ... the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

7.   The goods shipped the Debtor were sold in the ordinary course of the Debtor's businesses, and the Debtor received such goods within 20 days of the Petition Date, as illustrated by Exhibit A.

8.   Because the goods were necessary to enable the operation of the Debtor's restaurant, Reinhart has provided a benefit to the estate for which it has not been compensated.

9. Reinhart has an administrative priority claim of $41,757.83 as of the Petition Date, and Reinhart remains entitled to an allowed administrative priority claim in the amount of $41,757.83 and is demanding prompt payment thereof.

10. Reinhart reserves the right to assert any and all other claims of whatever kind or nature that it has, or it may have, against the Debtor or the estate. The filing of this Motion is not a waiver or release of any claims or rights of Reinhart against any other person or entity relating to the shipments, an election of remedies, or a waiver of any past, present, or future defaults. Further, nothing contained herein is a waiver of any post-petition administrative expense claims that Reinhart has or may have against the Debtor or the estate.

WHEREFORE, Reinhart respectfully requests that the Court enter an order allowing its 503(b)(9) Claim in full, directing the Trustee to make full payment of the 503(b)(9) Claim no later than the closing of the sale of Debtor's assets, and awarding Reinhart such other and further relief as the Court deems just and proper.

Dated: April 5, 2019.

                                        Respectfully submitted,
                                        JOHNSON, SMITH, HIBBARD & WILDMAN
                                        LAW FIRM, L.L.P.

                                        By:   */s/ Donna Faye Shetley*
                                              Donna Faye Shetley, #3823
                                              Johnson, Smith, Hibbard & Wildman Law Firm, LLP
                                              Post Office Drawer 5587
                                              Spartanburg, South Carolina 29304-5587
                                              Telephone: (864) 582-8121
                                              Facsimile: (864) 585-5328
                                              Email: dshetley@jshwlaw.com

                                              Samuel C. Wisotzkey, Esq.
                                              Wisconsin Bar No. 1029537
                                              KOHNER, MANN & KAILAS, S.C.
                                              Washington Building
                                              4650 N. Port Washington Rd.

Milwaukee, WI 53212-1059
Telephone (414) 962-5110
Facsimile (414) 962-8725
swisotzkey@kmksc.com
Attorneys for Creditor
Reinhart Foodservice, L.L.C.

4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | Case No. 19-01329 |
| TRAVINIA ITALIAN KITCHEN AT CHARLOTTESVILLE, LLC | Chapter 7 |
| Debtor | |

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 5th day of April, 2019, I have caused a copy of *Notice of Motion and Opportunity for Hearing, Reinhart Foodservice, L.L.C.'s Motion for Allowance and Immediate Payment of 503(b))9) Claim and proposed Order Granting Motion of Reinhart Foodservice, LLC's Motion for Allowance and Immediate Payment of 503(b))9) Claim* upon attorneys for the parties, or individuals shown below by depositing a copy of the same in the United States Mail, postage prepaid, in the correct amount and addressed to the last known address(es), and was served electronically through CM/ECF, as permitted by Operating Order, and as follows:

Travinia Italian Kitchen at
Leesburg, LLC
1200 Woodruff Rd., C-36
Greenville, SC 29607

Adam J. Floyd, Esq.
Beal, LLC
1301 Gervais St., Ste. 1040
Columbia, SC 29201

John K. Fort,
United States Trustee
P.O. Box 789
Drayton, SC 29333

Office of U.S. Trustee
Strom Thurmond Federal Bldg.
1835 Assembly St., Ste. 953
Columbia, SC 29201

/s/ Donna Faye Shetley